1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                   **CENTRAL DISTRICT OF CALIFORNIA**
10

11  JANET MIRIAM BRIDGES,              )    NO. CV 13-5618-E
                                       )
12             Plaintiff,              )
                                       )
13        v.                           )    **MEMORANDUM OPINION**
                                       )
14  CAROLYN W. COLVIN, ACTING          )    **AND ORDER OF REMAND**
    COMMISSIONER OF SOCIAL SECURITY,   )
15                                     )
               Defendant.              )
16                                     )
    _____)
17

18       Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS
19  HEREBY ORDERED that Plaintiff's and Defendant's motions for summary
20  judgment are denied and this matter is remanded for further
21  administrative action consistent with this Opinion.
22

23                              **PROCEEDINGS**
24

25       Plaintiff filed a complaint on August 2, 2013, seeing review of
26  the Commissioner's denial of disability benefits.  The parties filed a
27  consent to proceed before a United States Magistrate Judge on
28  September 3, 2013.  Plaintiff filed a motion for summary judgment on

1  January 22, 2014.  Defendant filed a cross-motion for summary judgment
2  on March 31, 2014.  The Court has taken the motions under submission
3  without oral argument.  See L.R. 7-15; "Order," filed August 6, 2013.

## BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

Plaintiff asserts disability based largely on allegedly extreme sensitivity to synthetic fumes and odors (Administrative Record ("A.R.") 55-70, 252-977).  An Administrative Law Judge ("ALJ") found Plaintiff has severe "multiple chemical sensitivity syndrome, asthma extrinsic, and migraine headaches" (A.R. 17).  However, the ALJ also found that Plaintiff retains the residual functional capacity to perform light work "except she should avoid exposure to fumes, dust, and industrial pollutants . . ." (A.R. 19).  In reliance on the testimony of a vocational expert, the ALJ found there exist clerical jobs Plaintiff can perform (A.R. 25; see A.R. 70-72).  The Appeals Council denied review (A.R. 4-6).

## STANDARD OF REVIEW

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards.  See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see Widmark v.

2

1  Barnhart, 454 F.3d 1063, 1067 (9th Cir. 2006).

**DISCUSSION**

Plaintiff argues, inter alia, that the hypothetical question the ALJ posed to the vocational expert failed to assume the same level of sensitivity to fumes and odors contemplated in the ALJ's residual functional capacity assessment.  As discussed herein, portions of the administrative record relating to this potentially material issue are ambiguous and inconsistent.  Therefore, remand is appropriate.

Where a hypothetical question fails to "set out all of the claimant's impairments," the vocational expert's answers to the question cannot constitute substantial evidence to support the ALJ's decision.  See, e.g., DeLorme v. Sullivan, 924 F.2d 841, 850 (9th Cir. 1991); Gamer v. Secretary, 815 F.2d 1275, 1280 (9th Cir. 1987); Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984). Consequently, the phrasing of the hypothetical question ideally should parallel the phrasing of the residual functional capacity assessment. See, e.g., Castro v. Astrue, 2011 WL 3500995, at *12 (E.D. Cal. Aug. 9, 2011) ("to avoid this ambiguity, the hypothetical should have been posed to the VE [vocational expert] in the same way as the ALJ phrased the limitation in the RFC [residual functional capacity] assessment"); cf. DeLorme v. Sullivan, 924 F.2d at 850 (ALJ's failure to clarify the limitations included in the hypothetical question "left the vocational expert's testimony couched in somewhat ambiguous terms," requiring remand).
///

1    In the present case, the ALJ's hypothetical question phrased the
2    level of sensitivity to odors and fumes as a limitation to:

4        a work environment that's relatively free of dust and fumes
5        . . . the kinds of, kinds of fumes and dust that you're
6        exposed to in a, maybe in a manufacturing situation like
7        you, you, you mentioned.  Usually when I talk to vocational
8        experts and say fumes and dust, they, they refer to, like,
9        office situations or something where there's not, you know,
10       any kind of industrial pollutants, or, or an abnormal amount
11       of dust caused by machinery or a manufacturing process

13   (A.R. 70-71).  As previously mentioned, the ALJ's residual functional
14   capacity assessment provided that Plaintiff "should avoid exposure to
15   fumes, dust and industrial pollutants" (A.R. 19).  Plaintiff argues
16   that this assessment entailed materially greater limitations on the
17   ability to tolerate fumes and odors than the limitations described in
18   the ALJ's hypothetical question.  Defendant argues that the ALJ
19   ascribed the same meaning to the assessment and to the assumption in
20   the hypothetical question.

22       Relevant portions of the administrative record appear ambiguous
23   and inconsistent.  When discussing the opinion of Dr. James Dahlgren,
24   the ALJ observed that Dr. Dahlgren opined Plaintiff "could only
25   occasionally lift 5 pounds and <u>would be precluded from exposure to</u>
26   extreme cold[,] heat, wetness, noise, vibration, <u>pulmonary irritants</u>,
27   and hazards" (A.R. 23) (emphasis added).  The ALJ appeared to accept
28   Dr. Dahlgren's opinion regarding preclusion from exposure to pulmonary

4

irritants, while rejecting the other aspects of Dr. Dahlgren's opinions.  The ALJ stated, "while <u>the residual functional capacity finding completely prohibits exposure to pulmonary irritants</u>, the undersigned finds no basis for restrictions in the remainder of Dr. Dahlgren's assessment" (A.R. 23) (emphasis added).  This portion of the record appears to support Plaintiff's argument.

Further ambiguity arises from the ALJ's discussion of Plaintiff's credibility.  Plaintiff testified to allegedly disabling limitations, including but not limited to extreme sensitivity to synthetic fumes and odors (A.R. 55-70).  The ALJ found Plaintiff's testimony regarding her alleged limitations to be "partially credible," but failed to identify specifically the parts of her testimony found to be credible or the parts of her testimony found not to be credible (A.R. 20).  This failure appears to suggest the propriety of a remand.  See <u>Fala v. Barnhart</u>, 2006 WL 2331132, at *2 (E.D. Cal. Aug. 10, 2006), <u>adopted</u>, 2006 WL 2790475 (E.D. Cal. Sept. 27, 2006) (ALJ's finding that the claimant was "not totally credible," without explaining which parts of the testimony were credible or not credible, required remand to clarify the possible inconsistency between the hypothetical question and the residual functional capacity assessment).

Additional ambiguity attends the ALJ's discussion of the state agency physician's opinions.  The ALJ observed that "a nonexamining State Agency physician concluded the claimant could perform a full range of light work except she could occasionally climb, stoop, kneel, crouch, and crawl; frequently balance; and <u>should avoid even moderate exposure to fumes, dusts, odors, gases and other pulmonary irritants</u>"

1  (A.R. 23) (emphasis added). The ALJ then stated that "[w]hile
2  considerable weight has been afforded to these opinions,[1] the
3  undersigned disagrees with the above <u>postural</u> limitations" (A.R. 23)
4  (emphasis added). The ALJ did not state any specific disagreement
5  with the <u>environmental</u> limitations assessed the state agency
6  physician. This portion of the record appears to support Plaintiff's
7  argument.

9  On the other hand, the ALJ's decision itself asserts that the ALJ
10 "asked the vocational expert whether jobs exist in the national
11 economy for an individual <u>with the claimant's</u> . . . <u>residual</u>
12 <u>functional capacity</u>" (A.R. 25) (emphasis added). Moreover, if the ALJ
13 truly believed Plaintiff's sensitivity to fumes and odors is so
14 profound as "completely [to] prohibit[] exposure to pulmonary
15 irritants" (as the ALJ appeared to state when discussing the opinions
16 of Dr. Dahlgren), then both the ALJ's phrasing of the hypothetical
17 question and the ALJ's ultimate determination that Plaintiff can
18 perform clerical jobs would seem difficult to explain.

20 Material ambiguities and inconsistencies in an ALJ's decision
21 generally warrant remand. <u>See</u> <u>Rodriguez v. Astrue</u>, 2011 WL 1103119,
22 at *9 (E.D. Cal. March 22, 2011) ("remand for further proceedings is

---

[1] The ALJ's reference to "these opinions" probably encompassed not only the opinions of the state agency physician, but also the opinions of Dr. Robin Soffer, an examining neurologist. Dr. Soffer opined that the "workplace should be <u>relatively</u> fume and dust free and well ventilated" (A.R. 756; <u>see</u> A.R. 23) (emphasis added). Thus, the opinions of Dr. Soffer do not appear to agree with the opinions of the state agency physician.

proper due to the ambiguity of the ALJ's decision . . . ."); Mingo v. Apfel, 1998 WL 373411, at *2 (D. Kan. July 1, 1998) (remand necessary where the Administration conceded the ALJ's findings were internally inconsistent); see also Regennitter v. Commissioner, 166 F.3d 1294, 1297 (9th Cir. 1999) (materially "inaccurate characterization of the evidence" warrants remand); Gonzalez v. Sullivan, 914 F.2d 1197, 1201 (9th Cir. 1990) ("[W]e are wary of speculating about the basis of the ALJ's conclusion. . . ."). When ambiguities or inconsistencies in an ALJ's decision clearly arose from typographical errors, however, remand is unnecessary. See, e.g., Henderson ex rel. Henderson v. Apfel, 179 F.3d 507, 514 (7th Cir. 1999) (no remand necessary where the ALJ erroneously referred to an "Ex. B at 5" while intending to refer to "Exhibit B-5"). In the present case, no mere typographical error appears capable of dispelling the ambiguities and reconciling the inconsistencies in the ALJ's decision. When a typographical error could not explain an apparent discrepancy between a hypothetical question and a residual functional capacity assessment, courts have declined to affirm the administrative decision. See Rankin v. Astrue, 2008 WL 4162885, at *8-9 (W.D. Wash. Sept. 2, 2008); Fala v. Barnhart, 2006 WL 2331132, at *2. This Court also will decline to affirm the administrative decision.

Because the circumstances of this case suggest that further administrative review could remedy the ALJ's errors, remand is appropriate. See McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011); see also INS v. Ventura, 537 U.S. 12, 16 (2002) (When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation

or explanation.") (citations and quotations omitted).

**CONCLUSION**

For all of the foregoing reasons,[2] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: April 8, 2014.

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the payment of benefits would not be appropriate at this time.